IN THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRACY TIMMONS | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. _____ |
| vs. | § | |
| | § | JURY REQUESTED |
| HOUSTON COMMUNITY COLLEGE | § | |
| | § | |
| Defendants | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, TRACY TIMMONS, Plaintiff herein, and files this her Original Complaint and in support thereof would show the Court as follows:

**I.**
## NATURE OF THE ACTION

1.     This is an action against HOUSTON COMMUNITY COLLEGE (hereinafter "HCC") for its wrongful discharge of TRACY TIMMONS in pursuant to the Americans With Disabilities Act (42 USC §§ 12101 et. seq.) and the Civil Rights Act (42 USC § 1981a).

**II.**
## PARTIES, VENUE AND JURISDICTION

2.     TRACY TIMMONS is an individual residing in Houston, Harris

County, Texas.  The cause of action complained of herein arose at Defendant's place of business in Houston, Harris County, Texas.

3.      HCC has its place of business at 3100 Main Street Houston, TX 77002 within Harris County Texas.  Houston Community College (HCC), also known as Houston Community College System (HCCS), is a community college system that operates community colleges in Houston, Missouri City, Greater Katy, and Stafford in Texas. HCC has, on information and belief, in excess of 500 employees. Defendant can be served through its Office of General Counsel, 3100 Main, 12th Floor, Houston TX 77002.

4.      Venue is proper in the Southern District of Texas pursuant 28 U.S.C. § 1391(a) because this is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

5.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as TRACY TIMMONS's cause of action arises under 42 USC §§ 12101 et seq., the Americans With Disabilities Act (the "ADA"), which incorporates by reference §§ 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 USC §§ 2000e-5(f)(1) and (3), and pursuant to § 102 of the Civil Rights Act of 1991, 42 USC § 1981a.

## III.
## SPOLIATION

6.     Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including investigation reports, statements, photographs, videotapes, audiotapes, recordings, business records, financial records, bills, estimates, invoices, checks, measurements, equipment, correspondence, memoranda, files, facsimiles, email, voice mail, text messages, and any electronic image, digital data, or information related to the referenced incident and allegations herein.  Failure to maintain such items will constitute "spoliation" of the evidence.

## IV.
## PROCEDURAL REQUIREMENTS

7.     On June 26, 2024, the U.S. Equal Employment Opportunity Commission ("EEOC") issued to TRACY TIMMONS a Notice of Right to Sue HCC in the United States District Court. A copy of the Notice of Right to Sue is attached as Exhibit A, Plaintiff has filed suit within 90 days of her receipt of the Notice of Right to Sue.

## V.
## <u>BACKGROUND</u>

7.      TRACY TIMMONS began her employment with HCC on October 1, 2023.  Plaintiff's position was that of a librarian.  Plaintiff suffers with diabetes, osteoarthritis, and posterior tibial dysfunction, disabilities which have symptoms that are manifested, among other things, by difficulty walking, standing, and bending, and carrying heavy objects above a certain weight.

8.      Plaintiff's condition substantially limits one or more major life activities, including, but not limited to, performing manual tasks, standing, sitting, lifting, walking.

9.      In or around January 2024, Plaintiff sought accommodation for her disabilities during her employment. The accommodation requests made by Plaintiff were reasonable pursuant to the ADA. Defendant failed to engage in the interactive process as required by the ADA and denied Plaintiff's request for accommodation.

10.      Following becoming aware of Plaintiff's disabilities and Plaintiff seeking accommodation, Plaintiff experienced disparate treatment and was mistreated and harassed by Defendant.

11.      On February 9, 2024, Plaintiff filed an EEOC charge against the Defendant alleging that the Defendant had violated the ADA by refusing to provide reasonable accommodation under the ADA. Thereafter Plaintiff suffered retaliation from the Defendant as a result of her engaging in protected activity.

12. Following her EEOC complaint, Plaintiff made an additional request for accommodations to her employer, however, Plaintiff was informed by Defendant that because she filed her complaint with the EEOC they would not assist her in resolving her accommodation request.

13. Following her requests for accommodation and EEOC Charge, Defendant also failed to pay Plaintiff for overtime hours worked and failed to reimburse her for covered work travel to Washington, D.C. Defendants reimbursed Plaintiff's non-disabled coworkers for covered travel expenses.

14. Plaintiff was also subjected to a hostile work environment due to her disabilities by her employer and subjected to daily harassment from coworkers and managers. This included Defendant withholding Plaintiff's mail from her for excessive periods of time, that were longer than allowed.

15. Additionally, a pattern of harassment began where Plaintiff's personal items were repeatedly stolen in her office. Plaintiff made multiples complaints about this matter to her employer, but rather than addressing Plaintiff's concerns, the harassment against Plaintiff became even more egregious and targeted towards her disabilities.

16. Plaintiff wears a medical boot called an Arizona brace, because of her disabilities. On May 1, 2024, Plaintiff was subjected to further harassment and retaliatory action by Defendant when Plaintiff was cruelly targeted for her

disabilities and had her medical boot stolen on Defendant's premises. As Plaintiff required this medical boot to walk due to her disabilities, she was very upset and concerned. Therefore, Plaintiff verbally complained to Defendant about this discriminatory and harassing action of stealing her medical boot and asked for assistance from her employer to have her boot found and the matter addressed. However, instead of investigating Plaintiff's complaint, Defendant retaliated against Plaintiff that same day by sending her home and placing Plaintiff on administrative leave due to her complaints.

17.    Then three weeks later on, May 21, 2023, as a result of Plaintiff having sought accommodation for her disabilities, filing an EEOC charge, and expressly, according to the Defendant, due to Plaintiff making verbal complaints about the discriminatory and harassing action of having her medical boot stolen at her workplace, she was notified that her employment contract would not be renewed. On August 31, 2024, HCC officially terminated in retaliation for seeking accommodation pursuant to the ADA and allegedly based on Plaintiff's response to having her boot stolen which was needed due to her disabilities.

# VI.
## CAUSES OF ACTIONS

**VIOLATIONS OF ADA**

18.     Plaintiff reasserts and incorporates by reference all the above-numbered paragraphs as if fully ser forth herein.

19.     TRACY TIMMONS is a qualified individual within the meaning of ADA § 101(8) (42 USC § 12111(8)) in that she has a disabilities.

20.     HCC is an employer and a covered entity under ADA § 102(2), (5)(A) (42 USC §§ 12111(2), (5)(A)).

21.     Prior to her termination, TRACY TIMMONS was an employee of HCC under ADA § 101(4) (42 USC § 12111(4)).

22.     Prior to and at the time of her termination, TRACY TIMMONS was qualified for employment as a Librarian of HCC.

### *FIRST CAUSE OF ACTION: FAILURE TO ACCOMMODATE*

23.     Plaintiff reasserts and incorporates by reference all the above-numbered paragraphs as if fully ser forth herein.

24.     Plaintiff informed her employer about her disabilities and made requests for reasonable accommodations as stated more fully above. HCC intentionally and maliciously violated the ADA when it refused to make reasonable accommodation for TRACY TIMMONS's known disabilities.

***SECOND CAUSE OF ACTION: DISCRIMINATION DUE TO DISABILITY***

25.    Plaintiff reasserts and incorporates by reference all the above-numbered paragraphs as if fully ser forth herein.

26.    TRACY TIMMONS was discriminated due to her disabilities by Defendant's following actions: Defendant failed to engage in the interactive process and denied Plaintiff's request for accommodations due to her disabilities, Defendant placed Plaintiff on administrative leave on May 1, 2024, Defendant terminated Plaintiff's employment on May 21, 2024, in violation of the ADA due to her disabilities and requests for accommodation. (42 USC § 12101 et seq.).

***THIRD CAUSE OF ACTION: HOSTILE WORK ENVIRONMENT DUE TO DISABILITY UNDER THE ADA***

27.    Plaintiff reasserts and incorporates by reference all the above-numbered paragraphs as if fully ser forth herein.

28.    Defendants violated the ADA by subjecting Plaintiff to a hostile work environment due to her disabilities, where Plaintiff was criticized and mocked for her disabilities by her employer and subjected to a hostile work environment on a daily basis. She was subjected to harassment at her workplace by having personal items repeatedly taken from her, including a medical boot she required for her disabilities. Plaintiff was also scrutinized to a higher level compared to her non-disabled coworkers.  Furthermore, Plaintiff notified her employer of the

discriminatory and harassing actions and retaliation she was experiencing, but the matter was not addressed.

## ***FOURTH CAUSE OF ACTION: RETALIATION UNDER THE ADA***

29.    Plaintiff reasserts and incorporates by reference all the above-numbered paragraphs as if fully ser forth herein.

30.    On August 31, 2024, TRACY TIMMONS was terminated in violation of the ADA due to her disabilities and requests for accommodation. (42 USC § 12101 et seq.).

31.    As a direct and proximate result of HCC's intentionally discriminatory actions, TRACY TIMMONS has suffered severe emotional distress, physical and emotional pain, suffering, inconvenience, mental anguish and other non-pecuniary losses.

32.    As a result of HCC's intentionally discriminatory actions, TRACY TIMMONS is also likely to suffer pecuniary loss in the form of lost income in an amount to be determined at trial

33.    Based upon the unlawful discriminatory practices by Defendant HCC, it has been necessary for Plaintiff to retain the undersigned attorney to represent her in this lawsuit. Plaintiff has agreed to pay the undersigned attorney the reasonable attorneys' fees for the trial of this lawsuit and further for any appeal thereof should any become necessary.

## VII.  <u>DAMAGES</u>

39.     Plaintiff damages as a result of the actions and/or omissions of Defendants as described herein. Accordingly, Plaintiff is entitled to an award of actual and compensatory damages, including lost wages and benefits in the past and future, in an amount within the jurisdictional limits of the Court. Plaintiff also seeks an award of damages for the mental anguish and pain and suffering she has suffered, continues to suffer, and will suffer in the future.

40.     Additionally, as a result of Defendants' above-referenced actions and/or omissions, Plaintiff was required to retain counsel to protect and enforce her legal rights. Accordingly, Plaintiff also seeks compensation for her attorneys' fees, as well as out-of-pocket expenses, expert fees, and costs of Court she will have incurred in this action.

## VIII. <u>JURY DEMAND</u>

41.     Plaintiff demands a jury on all issues to be tried in this matter.  Plaintiff has submitted the jury demand and herein submits the jury fee.

# IX.  **PRAYER FOR RELIEF**

42.    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant HCC be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for:

a.  All damages to which Plaintiff may be entitled pursuant to this Original Complaint, or an amendment thereto, including but not limited to medical expenses, hiring, back pay, reinstatement, upgrading, and compensation for benefits not received;

b.  Past physical pain and mental suffering;

c.  Present physical pain and mental suffering;

d.  Future physical pain and mental suffering;

e.  Past lost of enjoyment and quality of life;

f.  Future loss of enjoyment and quality of life;

g.  Punitive damages in an amount above the minimum jurisdictional limits of the Court;

h.  Reasonable attorneys' fees as allowed by law, with conditional awards in the event of appeal;

i.  Prejudgment interest at the highest rate permitted by law;

j.  Postjudgment interest from the judgment until paid at the highest rate permitted by law;

k.  Costs of Court; and

l.  Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by proper amendment thereto.

Respectfully Submitted,
TB Robinson Law Group, PLLC


_____
Terrence B. Robinson
Fed. Bar No. 14218
Texas Bar No. 17112900
Email: TRobinson@TBRobinsonlaw.com
Claudia Casas
Texas Bar No.: 24110850
Fed. Bar No. 3573914
Email: CCasas@TBRobinsonlaw.com
7500 San Felipe Street, Suite 800
Houston, Texas 77063
Phone: (713) 568-1723
Fax: (713) 965-4288
**ATTORNEYS FOR PLAINTIFF**